**MORRISON FOERSTER**

250 WEST 55TH STREET
NEW YORK
NEW YORK 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AMSTERDAM, AUSTIN, BERLIN, BOSTON, BRUSSELS, DENVER, HONG KONG, LONDON, LOS ANGELES, MIAMI, NEW YORK, PALO ALTO, SAN DIEGO, SAN FRANCISCO, SHANGHAI, SINGAPORE, TOKYO, WASHINGTON, D.C.

September 29, 2025

Writer's Direct Contact
+1 (212) 468-8203
JLevitt@mofo.com

**VIA ECF**
The Honorable Edgardo Ramos
U.S. District Court for the
Southern District of New York

Re:   *CoStar Group, Inc. et al. v. Zillow Group, Inc. et al.* (No. 1:25-cv-06248-ER)

Dear Judge Ramos:

Zillow Group, Inc. and Zillow, Inc. ("Zillow") respectfully request a pre-motion conference on a 28 U.S.C. § 1404(a) motion to transfer this case to the U.S. District Court for the Western District of Washington, where it should have been filed originally.

This case is CoStar's latest attempt to weaponize copyright litigation for competitive pressure, consistent with its history of filing suits against industry rivals. CoStar is one of the most dominant companies in the online residential rental market. Zillow has spent years building a nationwide marketplace for residential rental properties, serving renters, landlords, and property managers alike by providing them with innovation and choice. This lawsuit is nothing more than a calculated attempt to misuse copyright law to sideline Zillow and lock in CoStar's control.

CoStar alleges that a subset of rental listings on Zillow and affiliate sites contain its copyrighted photos. Those photos are provided by Zillow's customers, who grant Zillow a license to the photos and warrant that they have all rights to do so. Further, Zillow has an established policy allowing copyright owners to request takedown of materials in which they claim a copyright, consistent with the DMCA. Rather than use this system, CoStar chose to shift the burden to the courts and file the instant suit without prior notice to Zillow. CoStar has not adequately pleaded its claims and Zillow will seek a pre-motion conference on a motion to dismiss.

But it is premature to reach these issues because CoStar should not have filed in this Court in the first instance. The Zillow defendants are Washington corporations, based in Seattle. The majority of likely Zillow witnesses are located around Seattle, with others situated along the West Coast. The CoStar companies are Delaware corporations based in Virginia, have an office in Seattle, and have shown no connection with this District. The Zillow Terms of Use, to which CoStar is subject, provide for exclusive venue in Washington. CoStar presumably chose this forum to avoid unfavorable Ninth Circuit law, a tactic that should not be given weight.

**This Case Should Be Litigated in the Western District of Washington**

In deciding a transfer motion under 28 U.S.C. § 1404(a), a court first determines whether the

**MORRISON FOERSTER**

Hon. Edgardo Ramos
September 29, 2025
Page 2

action might have been brought in the proposed transferee forum. *See Paysafe Holdings UK Ltd. v. Accruit, LLC*, No. 18-cv-75(ER), 2019 WL 1115054, at *3 (S.D.N.Y. Mar. 11, 2019). CoStar could have filed suit in the Western District of Washington. Zillow was founded in Seattle over 20 years ago. Seattle remains its primary office and its largest physical presence. As a copyright case, venue is proper wherever Zillow "resides or may be found." 28 U.S.C. § 1400(a).

A court next determines whether transfer is appropriate, considering the convenience of the parties and witnesses and the interest of justice. *Paysafe*, 2019 WL 1115054, *3-4. This assessment balances a non-exhaustive list of factors, *id.*, which are grouped and discussed below. These factors favor transfer to the Western District of Washington.

***The Western District of Washington is the locus of fact, with more convenient access to likely witnesses, availability of process, and sources of proof.*** Several § 1404(a) factors address a common consideration: Where is the center of gravity of the case? Here, that is the Western District of Washington—and plainly not this District. Zillow's business is concentrated in the Seattle area. Even though Zillow facilitates remote work, more Zillow employees live in Washington than any other state, with California next. This includes the employees who are most likely to be witnesses in this litigation. *See Paysafe*, 2019 WL 1115054, *5 (importance of witness convenience). Fewer than 5% of Zillow employees live anywhere in New York, with under 2% in this District. Early analysis reflects that just 0.84% of the property listing addresses at issue in CoStar's complaint are in this District.

Many key Zillow personnel who are likely to have relevant knowledge—including of Zillow's photo ingest, website development, sales, support, "unclaimed property" listings, and artificial intelligence—are based in the Seattle area. Some also live in Northern California. Litigating this case in Seattle will be significantly more convenient for these Seattle and West Coast individuals. *See Ritchie Capital Management LLC v. BMO Harris Bank*, No. 14-cv-1936(ER), 2015 WL 143320, *7 (S.D.N.Y. Mar. 30, 2015) ("Midwest-based" witnesses favored transfer to D. Minn.). Moreover, the Western District of Washington will be better situated to compel the appearance of former Zillow employees if necessary. And while location of documents is of less importance in the digital era, Zillow's Seattle presence weighs in favor here as well. None of the data or websites at issue are hosted in New York.[1]

***The Western District of Washington is more convenient to Zillow, and neutral to CoStar.*** Zillow is at home in the Western District of Washington. No party is at home in this District. CoStar is a Virginia-based company and has an office in Seattle. It has filed copyright cases across the country, and is currently litigating a copyright case that it chose to file within the Ninth Circuit.

Any doubt about convenience to CoStar is eliminated by Zillow's Terms of Use, which apply to

---

[1] CoStar points to StreetEasy, a Zillow website for New York and New Jersey rental properties. (Compl., Dkt. 1, ¶ 80; *see also id.* ¶¶ 28-29 (listing StreetEasy address).) But StreetEasy is a small business group with a fraction of Zillow's overall rental listings, whose website does not use the "unclaimed property" functionality on which the complaint focuses. (*See id.* ¶¶ 63-79.) A small set of facts in New York City does not outweigh the substantial locus in Seattle.

**MORRISON FOERSTER**

Hon. Edgardo Ramos
September 29, 2025
Page 3

CoStar as a user of Zillow's websites. Those Terms provide for exclusive jurisdiction and venue in King County, Washington state and federal courts for claims in connection with Zillow's websites and other services.  *See* https://www.zillow.com/z/corp/terms/ at § 17; *H.A.L. NY Holdings, LLC v. Guinan*, No. 18-cv-2275(ER), 2018 WL 5869648, at *2–3 (S.D.N.Y. Nov. 9, 2018) (citing *Atl. Marine Const. Co. v. U.S. Dist. Court for W.D. Tex.*, 571 U.S. 49, 51 (2013)) (forum selection clause eliminates plaintiff's choice of forum as a factor and waives ability to challenge selected venue as inconvenient).

***The relative means of the parties, which are established corporations, is a neutral factor.***

***Both forums are familiar with copyright law, but Ninth Circuit courts have more exposure to issues relevant to this case.***  This Court and the Western District of Washington are both well-equipped to address issues of copyright law.  The Ninth Circuit, however, has more exposure to applying this law in relevant situations.  This includes *VHT, Inc. v. Zillow Group, Inc.*, in which the Ninth Circuit rejected copyright infringement claims brought by VHT—which is now owned by CoStar—against Zillow under facts similar to this case.  918 F.3d 723, 731, 747 (9th Cir. 2019).  It also includes *CoStar Group, Inc. v. Commercial Real Estate Exchange, Inc.*, decided shortly before CoStar filed this case, in which the Ninth Circuit ruled that CoStar must face antitrust counterclaims in a copyright litigation, including claims that CoStar's interference with property photograph distribution violates the Sherman Act and Cartwright Act.  141 F.4th 1075, 1093 (9th Cir. 2025), *as amended* 2025 WL 2573045, *11-12 (9th Cir. Sept. 5, 2025).  CoStar's choice of this District is an attempt to avoid controlling law, rather than a legitimate selection.

***CoStar's choice of forum is entitled to little deference.***  A plaintiff's choice of forum is entitled to minimal weight where (1) the forum is neither plaintiff's home nor where the cause of action arose or (2) the choice of forum is tactical.  *Paysafe*, 2019 WL 1115054, at *6; *Erickson v. Corinthian Colleges, Inc.*, No. 13-cv-4308(PKC), 2013 WL 5493162, at *2–3 (S.D.N.Y. Oct. 1, 2013).  CoStar's home is Virginia and it alleges conduct with a locus in Seattle.  Given the lack of connection with this District, CoStar's choice of forum can only be tactical.  CoStar is trying to avoid unfavorable Ninth Circuit precedent in *Zillow* and *CoStar* while burdening Zillow with an inconvenient forum.  This factor is not entitled to meaningful weight.

***Judicial economy and the interests of justice strongly favor the Western District of Washington.***  Courts in the Western District of Washington are significantly less congested than this District.  This Court has a case load around <u>three times</u> greater than the average Western District of Washington court.  Zillow has an interest in promptly clearing its name from CoStar's accusations and the comparative congestion of the transferee forum is entitled to weight.  *See Indian Harbor Ins. Co. v. Factory Mutual. Ins. Co.*, 419 F. Supp. 2d 395, 407 (S.D.N.Y. 2005).  The Western District of Washington also has an interest in deciding locally-impactful issues.

Balancing these factors weighs strongly in favor of transferring to the Western District of Washington, and Zillow respectfully requests a pre-motion conference to discuss this motion.  Zillow also proposes discussing at that conference mechanisms to run this case efficiently by sequencing briefing on a motion to transfer and motion to dismiss, and by staying discovery in this case while those motions are pending.

**MORRISON FOERSTER**

Hon. Edgardo Ramos
September 29, 2025
Page 4


Respectfully submitted,

*/s/ Jamie A. Levitt*

Jamie A. Levitt