Nicholas J. Boyle
Direct Dial: +1.202.637.2339
nicholas.boyle@lw.com

555 Eleventh Street, N.W., Suite 1000
Washington, D.C. 20004-1304
Tel: +1.202.637.2200  Fax: +1.202.637.2201
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

## LATHAM & WATKINS LLP

October 8, 2025

*Via ECF*

Honorable Edgardo Ramos
U.S. District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square, New York, New York 10007

Re: *CoStar Group, Inc. et al. v. Zillow Group, Inc. et al.*, 1:25-cv-06248 (S.D.N.Y.)
Response to Defendants' Request for Pre-Motion Conference Re: Venue Transfer

Dear Judge Ramos:

This is a case about Zillow's mass infringement of CoStar's copyrighted photographs in the service of boosting Zillow's national rental listing business. The infringement, and that business, have a center of gravity in New York. Zillow's pre-motion letter, ECF No. 29 (the "Letter"), indicates it seeks to move this case to Washington. But Zillow concedes that venue is proper here, Ltr. at 2, and its arguments fall short of the showing required to justify a transfer.

CoStar's allegations involve Zillow's unauthorized use of nearly 50,000 CoStar-owned images. The images relate to rental listings in 49 states, with a demonstrable and understandable concentration in the vicinity of this Court, which sits squarely in what Zillow accurately describes as the country's largest real estate market. Almost 1 in 10 of the infringements relate to properties within 100 miles of the courthouse, Compl. Ex. A, and the body of the Complaint highlights wrongdoing relating to properties in New York and its vicinity. *See* Compl. at ¶¶ 17-18, 20, 43, 66, 80, 85-87. CoStar filed this case here because of that concentration of infringement, because the New York rental market (the largest in the country) is central to Zillow's rental business at issue, because both parties have a significant presence in New York, and because New York is convenient for both parties. Zillow may prefer to litigate this case elsewhere, but its preference does not meet the clear and convincing standard required to support a transfer request.

The determination of whether to grant a change of venue under § 1404(a) "requires a balancing of conveniences . . . ." *Filmline (Cross–Country) Prods., Inc. v. United Artists Corp.*, 865 F.2d 513, 520 (2d Cir.1989). Courts give substantial weight and deference to a plaintiff's choice of forum, even when it is not the plaintiff's home, if there is a material connection to the operative facts. *It's a 10, Inc. v. PH Beauty Labs, Inc.*, 718 F. Supp. 2d 332, 336–38 (S.D.N.Y. 2010). Zillow fails to meet the heavy burden of establishing by clear and convincing evidence that the balance of relevant factors clearly favors upsetting CoStar's selection of this forum. *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 114 (2d Cir. 2010).

**The locus of operative facts favors S.D.N.Y.** Determining the locus of operative facts is a

LATHAM&WATKINS LLP

qualitative inquiry, not a mathematical exercise. *Daniel v. Am. Bd. Emergency Med.*, 428 F.3d 408, 433 (2d Cir. 2005). CoStar's Complaint alleges a countrywide scheme concentrated in Manhattan and surrounding locales. A review of the property locations at issue finds 8.8% within 100 miles of this Court. Compl. Ex. A. That is no surprise. Zillow describes New York as the "country's largest and most important real estate market,"[1] and is long-established here, with its current flagship office located at 1250 Broadway. Underscoring the centrality of NYC to Zillow's business, it operates an entirely NYC-focused brand, StreetEasy, which Zillow claims has "the city's most comprehensive listings."[2] And—where Zillow is using CoStar's images to market rental listings—a key witness will be the "Head of Marketing, Zillow Rentals," who LinkedIn places in New York, alongside other senior rentals managers.

Nationwide infringement with a concentration in this area, in the service of a rental business that likewise has a center of gravity here, plainly points to a locus in New York. And there is no question that New York drives Zillow's rental business. Last month, Zillow acknowledged that New York accounted for nearly one-quarter of the annual real estate market's growth across the entire U.S.[3] The jurisdiction pivotal to Zillow's growth—and therefore its incentive to build its platform though infringement—is New York. No wonder, then, that last week Attorney General James stated that Zillow's misconduct in the rental business affects the "millions of New Yorkers" who "rely on online apartment listings."[4]

Arguing for transfer, Zillow suggests that its business and employees are concentrated in Seattle, and that only a fraction of property listing addresses at issue are in this District. Zillow's numerical framing is not only legally irrelevant, *see Daniel*, 428 F.3d at 433, but also misleading. Zillow's embrace of remote work as a "matter of policy" (73% of its employees work remotely), its New York office hub, and the location of at least one key senior witness here demonstrate the *qualitative* import of this location. And in any event, while nearly one in ten of the properties alleged in the complaint are within 100 miles of S.D.N.Y., only 3% are within 100 miles of W.D. Wa. Zillow's own logic points to Manhattan, not Seattle, as the locus of this case.

***Convenience considerations do not favor transfer.*** In a case involving sophisticated national companies with distributed workforces, CoStar filed in a judicial district closely tethered to the operative facts and reasonably convenient for both parties. The key consideration regarding convenience is whether the litigation *as a whole* would be more convenient if transferred—not to "merely shift the inconvenience" from one party to another. *TouchTunes Music Corp. v. Rowe Int'l Corp.*, 676 F. Supp. 2d 169, 175 (S.D.N.Y. 2009).

Almost all CoStar's witnesses are based on the East Coast—making S.D.N.Y. a practical forum. Zillow mentions its West Coast-based employees as likely witnesses, Ltr. at 2, but convenience to a defendant's own employees is of minimal relevance. *Race Safe Sys., Inc. v. Indy*

---

[1] https://investors.zillowgroup.com/investors/news-and-events/news/news-details/2013/Zillow-Completes-Acquisition-of-StreetEasy.

[2] https://streeteasy.com/.

[3] https://www.zillow.com/research/housing-market-value-1-trillion-35518/.

[4] https://ag.ny.gov/press-release/2025/attorney-general-james-sues-zillow-and-redfin-illegal-scheme-stop-competing.

![Latham & Watkins LLP]

*Racing League*, 251 F.Supp.2d 1106, 1111 (N.D.N.Y. 2003) ("[E]mployees of the parties will, as a practical matter, be available in any venue by virtue of the employment relationship."). Moreover, Zillow bills itself as headquartered not in Seattle, but in the "cloud."[5] Zillow employees work remotely in all 50 states, but in-person meetings do occur in its offices, including in New York.[6] Given Zillow's dispersed work force and New York presence, it cannot show it would be "inconvenienced by appearing in this Court." *Diaz-Roa v. Hermes Law, P.C.*, 757 F. Supp. 3d 498, 550-51 (S.D.N.Y. 2024). Regardless, favoring the convenience of Zillow's witnesses over CoStar's is precisely the type of "shift" in convenience that does not support a transfer.

Further, as Zillow knows, in 2025, cross-country document, deposition, and expert discovery occurs with minimal burden. As virtually all documents here are likely electronic, their location is immaterial. *See IKB Int'l S.A. v. Wilmington Tr. Co.*, 2017 WL 4084052, at *6 (S.D.N.Y. Sept. 14, 2017). And depositions can take place out of district—as has occurred in a S.D.N.Y. lawsuit Zillow is currently litigating. *Compass, Inc. v. Zillow, Inc.*, 1:25-cv-05201 (S.D.N.Y.), ECF Nos. 81-1 to 81-3 (transcripts of Zillow witnesses deposed in Seattle). Indeed, Zillow did not move to transfer venue in that case, underscoring its ability to litigate in S.D.N.Y.

***Zillow's Ninth Circuit pitch falls flat***. Zillow claims that CoStar chose New York "to avoid unfavorable Ninth Circuit law." Ltr. at 1.[7] But there is no meaningful difference between the Circuits on copyright issues. *BWP Media USA, Inc. v. Polyvore, Inc.*, 922 F.3d 42, 61 (2d Cir. 2019) (direct infringement elements); *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, 971 F.3d 1042, 1050 (9th Cir. 2020) (same); *Spinelli v. NFL*, 903 F.3d 185, 197 (2d Cir. 2018) (vicarious infringement elements); *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1173 (9th Cir. 2007) (same). Zillow then contends that "Ninth Circuit courts have more exposure" to relevant issues. Ltr. at 3. That's both inaccurate and of no consequence. *Atlantic Recording Corp. v. BCD Music Grp., Inc*, 2009 WL 1390848, at *5 (S.D.N.Y. May 7, 2009) (forum familiarity given little weight in federal copyright cases). And while W.D. Wa. has fewer cases, Ltr. at 3, this Court is accustomed to progressing cases efficiently (as it is doing in the *Compass v. Zillow* litigation).

***Zillow's Terms of Use are irrelevant.*** CoStar is not bound by the forum selection clause in Zillow's TOU as a "user of Zillow's websites." Zillow's TOU do not govern here because, among other things, Zillow's infringement has nothing to do with any such purported "use."

---

[5] https://www.zillowgroup.com/news/zillow-remote-work-advantage/.
[6] https://www.entrepreneur.com/business-news/zillow-is-sticking-with-remote-work-cloudhq-says-ceo/486254.
[7] Zillow mentions two Ninth Circuit decisions and misrepresents both as "unfavorable." Chutzpah. In *VHT, Inc. v. Zillow Grp.*, 918 F.3d 723, 737 (9th Cir. 2019), the court held that Zillow could be liable where it actively curates photos, and Zillow was in fact found liable for mass infringement in that case—*supporting* CoStar's allegations here. *CoStar Grp., Inc. v. Com. Real Estate Exch., Inc*., 141 F.4th 1075 (9th Cir. 2025), concerned antitrust counterclaim pleading standards. In CoStar's affirmative *copyright case*, not mentioned by Zillow, the trial court ruled on summary judgment that the defendant website had actively and deliberately copied CoStar's images as a matter of practice—an ominous result for Zillow. *See CoStar Grp., Inc. v. Com. Real Estate Exch., Inc.*, 2:20-cv-08819 (C.D. Cal.), ECF No. 1237.

LATHAM&WATKINS LLP

           Respectfully submitted,

           */s/ Nicholos J. Boyle*

           Nicholas J. Boyle
           of LATHAM & WATKINS LLP

cc: All Counsel of Record (via ECF)