UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COSTAR GROUP, INC., *and* COSTAR
REALTY INFORMATION, INC.,

            Plaintiffs,

*-against-*

ZILLOW GROUP, INC., *and* ZILLOW, INC.,

            Defendants.

**ORDER**

25-cv-6248 (ER)

RAMOS, D.J.:

    CoStar Group, Inc. and CoStar Realty Information, Inc. (together "CoStar") brought this suit against Zillow Group, Inc. and Zillow, Inc. (together "Zillow") on July 30, 2025. Doc. 1. CoStar alleges that Zillow engaged in copyright infringement of CoStar's photographs. *Id.* at 33–37. On November 5, 2025, Zillow filed a motion to transfer venue to the Western District of Washington pursuant to 28 U.S.C. § 1404(a). Doc. 39. CoStar filed a notice of non-opposition to Zillow's motion to venue on December 3, 2025. Doc. 43.

    When considering a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), a court must first determine whether the suit could have been filed in the proposed forum. *Megna v. Biocomp Laboratories Inc.*, 220 F. Supp. 3d. 496, 497 (S.D.N.Y. 2016). Only if the suit could have been filed in the proposed forum does the court determine whether the proposed transfer serves the convenience of parties and witnesses as well as the interest of justice. *Id.* In doing so, courts typically consider nine factors:

> "(1) convenience of witnesses; (2) convenience of the parties; (3) location of relevant documents and the relative ease of access to sources of proof; (4) the locus of the operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) the comparative familiarity of each

district with the governing law; (8) the weight accorded to plaintiff's choice of forum; and (9) judicial economy and the interests of justice."

*Id.* at 498 (quoting *Frame v. Whole Foods Market, Inc.*, No. 06 Civ. 7058 (DAB), 2007 WL 2815613, at *4 (S.D.N.Y. Sept. 24, 2007)). Furthermore, "[n]o one factor is dispositive, and the relative weight of each factor depends on the particular circumstances of the case." *Smart Skins LLC v. Microsoft Corp.*, No. 14 Civ. 10149 (CM), 2015 WL 1499843, at *4 (S.D.N.Y. Mar. 27, 2015).

Zillow argues, and CoStar does not contest, that CoStar could have originally brought this suit in the Western District of Washington. *See* Doc. 40 at 13. Copyright cases "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). It is undisputed that both Zillow Group, Inc. and Zillow, Inc. are incorporated in Washington and maintain their principal place of business and corporate headquarters in Seattle. Docs. 40 at 13, 1 ¶¶ 28–29. Accordingly, the Court finds that CoStar could have properly brought this suit in the Western District of Washington.

Zillow argues that convenience and the interests of justice are served by transferring the case to the Western District of Washington. Doc. 40 at 13–26. In its notice of non-opposition, CoStar "elects not to oppose transfer in light of new information disclosed by Zillow in its [m]otion [to transfer venue] and other recent developments, which suggest that transferring the case to Seattle would allow for a more efficient resolution on the merits." Doc. 43 at 1. In support of its decision, CoStar highlights newly identified witnesses based in Seattle, its own experience litigating in the Ninth Circuit, as well as practical advantages of transfer given Zillow's other ongoing litigation in the Western District of Washington. *Id.* at 1–4. Accordingly, the Court finds that the convenience of parties and witnesses as well as interests of justice are served by a transfer of this case.

3

For the reasons stated above, the Court respectfully directs the Clerk of Court to transfer this action to the United States District for the Western District of Washington.

SO ORDERED.

Dated:   December 4, 2025
         New York, New York

_____
Edgardo Ramos, U.S.D.J.

3